# IN THE SUPREME COURT OF IOWA

No. 11–1919

Filed June 1, 2012

**IOWA SUPREME COURT ATTORNEY
DISCIPLINARY BOARD,**

Complainant,

vs.

**G. BRAD DENTON II,**

Respondent.

_____

On review of the report of the Grievance Commission of the Supreme Court of Iowa.

Grievance commission recommends public reprimand for an attorney. **ATTORNEY REPRIMANDED.**

Charles L. Harrington and Teresa A. Vens, Des Moines, for complainant.

G. Brad Denton II, Boulder, Colorado, pro se.

**HECHT, Justice.**

This matter comes before the court on the report of a division of the Grievance Commission of the Supreme Court of Iowa. *See* Iowa Ct. R. 35.10.[1] The Iowa Supreme Court Attorney Disciplinary Board alleged an attorney violated ethical rules governing the use of trust accounts and lawyer advertising in Iowa. The grievance commission found the attorney committed various violations and recommended a public reprimand. Upon our review of the record and our consideration of the commission's findings of fact, conclusions of law, and recommendation, we also find the attorney violated rules, and we publicly reprimand him.

## I. Factual and Procedural Background.

G. Brad Denton II is an attorney licensed to practice law in Colorado since 1994. Practicing primarily in immigration law, Denton decided to test the market for his legal services in Iowa.[2] He entered an agreement allowing him to use, "as needed," office space and the services of a receptionist in West Des Moines, Iowa. Denton also placed advertisements for his immigration-related services in Iowa publications.[3] Soon thereafter, and before Denton opened a trust account for retainer fees received from clients, Manuel Castillo-Vargas

---

[1]On February 20, 2012, portions of chapters 32, 35, 36 and 45 of the Iowa Court Rules were amended. We will refer to the rules as they existed at the time of Denton's hearing. *See Iowa Supreme Ct. Att'y Disciplinary Bd. v. Marks*, 814 N.W.2d 532, 542 n.1 (Iowa 2012).

[2]The Board's complaint conceded that Denton, although not admitted to practice law in the courts of this state, "is allowed to practice as an immigration attorney in the State of Iowa under Iowa R. Prof'l Conduct 32:5.5(d)(2)." *See* Iowa R. Prof'l Conduct 32:5.5(d)(2) (allowing lawyer admitted in another United States jurisdiction to provide legal services in this jurisdiction that the lawyer is authorized by federal law to provide).

[3]The advertisements, which appeared several times per month in three Iowa newspapers between May 2009 and May 2010, described Denton as an immigration "specialist" with more than twenty years of experience.

requested legal representation in connection with an immigration matter.[4] Castillo-Vargas signed an agreement calling for payment of an attorney fee of $1500 to Denton and providing that if the attorney–client relationship with Denton were to be "discontinued prior to completion of the case," the attorney fee would be calculated at the rate of $200 per hour and any unearned amount would be refunded to Castillo-Vargas.

Denton received a total of $1500 in two installments for his representation of Castillo-Vargas but did not deposit the funds in a trust account. Denton provided legal services for the client from October 20, 2009, through February 6, 2010, including written correspondence with Castillo-Vargas and immigration authorities, telephone communications with Castillo-Vargas and his brother, and three in-person consultations with Castillo-Vargas in Marshalltown, Iowa. When the attorney–client relationship broke down, Denton mailed to Castillo-Vargas a bill for his professional services and a copy of the case file. The bill itemized 10.85 hours of professional services at the rate of $200 per hour and documented Denton's claim that no refund of the retainer for attorney fees was owed to the client.

The Board received a complaint alleging Denton had violated ethical rules governing the conduct of lawyers practicing law in Iowa. Following an investigation, the Board filed a complaint alleging Denton had violated several of the Iowa Rules of Professional Conduct, including: 32:1.15(a) (requiring lawyers to hold a client's funds in an account separate from the lawyer's own property); 32:1.15(c) (requiring lawyers to deposit advance fees paid by clients in a trust account and allowing

---

[4]Castillo-Vargas requested representation to challenge a deportation order issued by United States Immigration and Customs Enforcement authorities.

withdrawals only as fees are earned); 32:1.15(f) (providing client trust accounts are governed by chapter 45 of the Iowa Court Rules which in relevant part requires lawyers to deposit "flat fees" in a trust account and allows withdrawals from the account only as fees are earned and upon notice to the client); 32:7.4(e) (establishing prerequisites for publicly communicating that a lawyer practices in or limits his or her practice to certain fields of law); 32:7.4(d) (regulating lawyers' claims of certification as specialists in particular fields of law); and 32:7.1(a) (prohibiting false or misleading communications about lawyers or their services). Denton accepted service of the complaint in Colorado on May 6, 2011, but he failed to file a timely answer.

The Board filed a motion on June 21, 2011, requesting invocation of Iowa Court Rule 36.7 (providing if the respondent fails to file a written answer within twenty days after completed service of a notice of a complaint, the allegations made in the Board's complaint shall be considered admitted). Denton did not file a resistance to the motion. The commission entered an order on July 14, 2011, establishing that the allegations within the Board's complaint were deemed admitted and limiting the purpose of the hearing to the determination of an appropriate sanction. After hearing Denton's testimony and reviewing the exhibits offered by the parties, the commission found Denton violated the rules cited above and recommended a public reprimand as the appropriate sanction in this case.

## II. Scope and Standards of Review.

We review attorney disciplinary proceedings de novo. *Iowa Supreme Ct. Bd. of Prof'l Ethics & Conduct v. Bernard,* 653 N.W.2d 373, 375 (Iowa 2002). Although we give respectful consideration to the commission's findings and recommendation, we are not bound by them.

*Iowa Supreme Ct. Att'y Disciplinary Bd. v. Casey*, 761 N.W.2d 53, 55 (Iowa 2009). It is the Board's burden to prove ethical violations by a convincing preponderance of the evidence. *Iowa Supreme Ct. Att'y Disciplinary Bd. v. Lickiss*, 786 N.W.2d 860, 864 (Iowa 2010). Upon proof of misconduct, we may impose a lesser or greater sanction than that recommended by the commission. *Iowa Supreme Ct. Att'y Disciplinary Bd. v. Conrad*, 723 N.W.2d 791, 792 (Iowa 2006).

### III. Discussion.

In his response to the Board's inquiry, Denton described the fee received from Castillo as a "flat fee." We have characterized such fees as "special retainers." *Iowa Supreme Ct. Bd. of Prof'l Ethics & Conduct v. Apland*, 577 N.W.2d 50, 55 (Iowa 1998). Our ethical standards require attorneys to deposit special retainers in a trust account. *Iowa Supreme Ct. Att'y Disciplinary Bd. v. Piazza*, 756 N.W.2d 690, 696 (Iowa 2008). We find the Board proved by a convincing preponderance of the evidence that Denton violated rules 32:1.15(a), (c), and (f) by failing to deposit the fees received from Castillo-Vargas in a trust account and violated rules 45.7(3) and (4) by failing to withdraw such fees from the trust account only as they were earned and upon written notice to the client together with a complete accounting. We choose not to address the Board's claim that Denton violated our rules pertaining to lawyer advertising because even if we were to find that he did, we would not impose a greater sanction than is required for Denton's trust account infractions detailed above.

### IV. Sanction.

In other cases presenting an isolated violation of our ethical rules pertaining to the proper use of attorney trust accounts, we have imposed a public reprimand. *See Iowa Supreme Ct. Att'y Disciplinary Bd. v. Sobel*,

779 N.W.2d 782, 789–90 (Iowa 2010) (citing cases in which we have imposed public reprimands for trust account violations of the type established in this case). Our determination of the appropriate sanction for Denton's violations of ethical rules requiring the use of trust accounts is influenced by mitigating circumstances. Denton cooperated with the Board in this case and forthrightly acknowledged his failure to deposit the Castillo-Vargas fee in a trust account. The record evidences no history of prior ethical lapses by Denton who represents that he has established a trust account to avoid future infractions in the representation of Iowa clients in immigration matters. Under the circumstances, we agree with the commission's recommendation that a public reprimand is the appropriate sanction for Denton's violation of our rules pertaining to trust accounts.

## V. Conclusion.

We publicly reprimand Denton. The costs of this action shall be taxed to Denton as provided in rule 35.26(1).

**ATTORNEY REPRIMANDED.**