# IN THE SUPREME COURT OF IOWA

No. 18–1392

Filed November 9, 2018

**IOWA SUPREME COURT ATTORNEY DISCIPLINARY BOARD,**

Complainant,

vs.

**LONNIE B. SAUNDERS,**

Respondent.

On review of the report of the Iowa Supreme Court Grievance Commission.

Grievance commission recommends the suspension of an attorney's license for violations of ethical rules. **LICENSE SUSPENDED.**

Tara van Brederode and Wendell J. Harms, Des Moines, for complainant.

Lonnie B. Saunders, Spirit Lake, pro se.

**MANSFIELD, Justice.**

This attorney disciplinary proceeding requires us to address the recurring problem of attorneys who take premature probate fees. Before work was completed on an estate—in fact, over a year before the final report was filed and the court costs were paid—an attorney billed and collected the second half of his probate fee. Notably, the attorney had been publicly reprimanded for the same type of misconduct just a year and a half earlier.

The Iowa Supreme Court Attorney Disciplinary Board (Board) charged the attorney with violating several rules, including Iowa Rules of Professional Conduct 32:1.5(a) and 32:1.15(c). The parties stipulated to facts and rule violations and jointly recommended a thirty-day suspension in light of the attorney's recent, prior reprimand for the identical misbehavior. The Iowa Supreme Court Grievance Commission agreed with that recommendation and passed it along to us. We, too, find violations of rules 32:1.5(a) and 32:1.15(c) and agree with the recommended sanction. Accordingly, we impose a thirty-day suspension on the attorney's license to practice law in Iowa.

## I. Facts and Procedural History.

Lonnie Saunders was admitted to the Iowa bar in 1985 and maintains a private practice in Spirit Lake.

On or about January 23, 2015, Steven Wallace died intestate in Spirit Lake at the age of 57, leaving his son Jarrod and daughter Malia as his heirs. On January 28, Saunders filed papers with the Iowa District Court for Dickinson County for Jarrod to be appointed administrator of the estate and for Saunders to serve as the estate's attorney.

On March 5, Saunders submitted an inventory showing a total gross estate of $1,158,852.36. That same day, Saunders filed an application to

be allowed a statutory fee of $23,297.04, representing two percent of the value of the estate. The court approved the $23,297.04 fee that day, and Jarrod wrote a check on the estate's account for $11,648.50 to Saunders also that very same day. Saunders deposited the check in his business account, not his trust account.

In September, Saunders recalculated the value of the estate and determined it was $982,013.36. Saunders emailed Jarrod a revised calculation that he would be entitled to a total fee of $19,760.26, leaving an unpaid balance of $8111.74. He asked Jarrod to "send a check at [his] first convenience." Saunders did not, however, file an amended inventory.

Jarrod raised some questions about the $8111.74 bill. On December 16, Saunders wrote, "[I]n an effort to get this matter closed as soon as possible, I would agree to compromise my fee to the sum of $7500.00 if paid before the end of the year." Jarrod responded that he would pay before the end of the year but wanted something in writing that Saunders would handle some remaining work on the estate, specifically "the splitting of the land, the . . . stock, and the transfer of the time shares." On December 30, Jarrod paid Saunders $7500.00 by check written on the estate's account.

Five days later, Saunders deposited the $7500 check in his business account. However, the work on the estate was not complete. In November 2016, Saunders filed an interlocutory report stating that all work was complete except for the change of title and execution of a deed for a time share in Florida. He estimated a March 1, 2017 completion date.

On April 25, Saunders filed a final report to close the estate. That same day, he tendered payment of $2485.00 in court costs with a check signed by Jarrod and written on the estate's account. On June 5,

Saunders filed a certificate of no inheritance tax due, signed by Jarrod. On June 16, the court entered a final order closing the estate.

On December 19, the Board brought a complaint against Saunders. On January 29, 2018, Saunders answered. On May 23, the parties submitted a stipulation as to facts, exhibits, disciplinary rule violations, mitigating and aggravating circumstances, and recommended sanction; the parties' stipulation also waived formal hearing before the commission. *See* Iowa Ct. R. 36:16(1). The parties agreed that Saunders had violated Iowa Rules of Professional Conduct 32:1.5(a) (prohibiting the violation of any restrictions regarding fees imposed by law), 32:1.15(a) (requiring client property to be held in a separate account), 32:1.15(c) (requiring advance fees to be deposited in a client trust account and withdrawn only as earned), 32:1.15(f) (providing that client trust accounts are governed by chapter 45 of the Iowa Court Rules), and Iowa Client Trust Account Rules 45.7(1), (3), and (4). The parties jointly recommended a thirty-day suspension of Saunders' law license.

On August 13, the commission adopted the parties' stipulation, including their recommendation of a thirty-day suspension.

## II. Standard of Review.

"When the parties enter into a stipulation, . . . they are bound by the stipulated facts, which we interpret with reference to their subject matter and in light of the surrounding circumstances and the whole record." *Iowa Supreme Ct. Att'y Disciplinary Bd. v. Johnson*, 884 N.W.2d 772, 777 (Iowa 2016). However, "[w]e are not bound by stipulations as to ethical violations or the appropriate sanction." *Id.*

## III. Rule Violations.

This case centers on Saunders' actions at the end of 2015. Saunders knew that the Steven Wallace estate was not yet closed, work

remained to be done, the final report had not been filed, and the costs had not been paid. Nevertheless, he demanded early payment of his remaining fee. After getting some pushback from the client, Saunders offered a slight discount for this not-yet-due payment. When he received the $7500.00 he had unjustifiably demanded, Saunders deposited it into his business account, not his trust account.

Rule 7.2(4) of the Iowa Rules of Probate Procedure states,

> One half of the fees for ordinary services may be paid when the federal estate tax return, if required, and Iowa inheritance tax return, if required, are prepared. When a federal estate tax return is not required, the one-half fee may be paid when the Iowa inheritance tax return is prepared or, when it is not required, when the probate inventory required by the Iowa Probate Code is filed. The remainder of the fees may be paid when the final report is filed and the costs have been paid. The schedule for paying fees may be different when so provided by order of the court for good cause.

Iowa Ct. R. 7.2(4). "It is well-established that the attorney may not take the second half of a probate fee until the final report has been filed." *Iowa Supreme Ct. Att'y Disciplinary Bd. v. Pederson*, 887 N.W.2d 387, 391 (Iowa 2016).

Saunders's failure to adhere to rule 7.2(4) amounted to a violation of Iowa Rule of Professional Conduct 32:1.5(a). The latter rule directs attorneys, in regard to fees, not to "violate any restrictions imposed by law." Iowa Ct. R. 32:1.5(a); *see also Iowa Supreme Ct. Att'y Disciplinary Bd. v. West*, 901 N.W.2d 519, 526 (Iowa 2017) (finding that an attorney who received full payment in a probate matter without court approval and prior to filing the final report and paying the estate costs violated rule 32:1.5(a)); *Pederson*, 887 N.W.2d at 391 ("Pederson . . . violated rule 32:1.5(a) by taking the second half of the probate fee prior to the filing of the final report."); *Iowa Supreme Ct. Att'y Disciplinary Bd. v. Kersenbrock*, 821 N.W.2d 415, 420 (Iowa 2012) (deciding that premature collection of

the second-half probate fee violated rule 32:1.5(a)); *Iowa Supreme Ct. Att'y Disciplinary Bd. v. Casey*, 761 N.W.2d 53, 61 (Iowa 2009) (per curiam) (determining that an attorney taking his entire fee prior to his filing of the final report violated rule 32:1.5(a)).

Furthermore, Saunders violated rule 32:1.15(c), which requires advance fees to be deposited into a client trust account and to be withdrawn only as earned. *See* Iowa Ct. R. 32:1.15(c); *see also Casey*, 761 N.W.2d at 61 (determining that an attorney's taking a premature fee and placing it in the operating account before the final report was filed violated rule 32:1.15(c)).

The parties also stipulated, and the commission also found, that Saunders violated rule 32:1.15 subparts (a) and (f) and rule 45.7 subparts (1), (3), and (4). These rules basically require the maintenance and proper operation of client trust accounts. There is no indication that Saunders failed to maintain a proper client trust account. Indeed, the parties stipulated he *had* such an account. These alleged violations, rather, are based on the very same conduct with regard to the Steven Wallace estate that we have already found violated rules 32:1.5(a) and 32:1.15(c). In the past, we have regularly addressed such misconduct under rules 32:1.5(a) and 32:1.15(c). Since it would not affect the sanction, we see no reason to consider the possibility that additional rules were breached by the same misconduct.

### IV. Discipline.

We must now decide the appropriate sanction. The parties have jointly recommended a thirty-day suspension, and the commission supports that recommendation. As noted, we are not bound by the parties' stipulation or the recommendation of the commission, *see Iowa Supreme Ct. Att'y Disciplinary Bd. v. Turner*, 918 N.W.2d 130, 144, (Iowa 2018),

although we give the commission's recommendation respectful consideration. *Id.*

"There are no standard sanctions for particular violations, but we take guidance from prior cases." *Iowa Supreme Ct. Att'y Disciplinary Bd. v. Smith*, 904 N.W.2d 154, 159 (Iowa 2017). To determine the appropriate sanction,

> we consider the nature of the violations, the attorney's fitness to continue in the practice of law, the protection of society from those unfit to practice law, the need to uphold public confidence in the justice system, deterrence, maintenance of the reputation of the bar as a whole, and any aggravating or mitigating circumstances.

*Iowa Supreme Ct. Att'y Disciplinary Bd. v. Crotty*, 891 N.W.2d 455, 466 (Iowa 2017) (quoting *Casey*, 761 N.W.2d at 61).

"Fees taken early in probate matters, if otherwise earned, normally result in a public reprimand." *Iowa Supreme Ct. Att'y Disciplinary Bd. v. Bartley*, 860 N.W.2d 331, 338 (Iowa 2015).

> Our caselaw shows that if an attorney violates probate rules by taking an early fee to which she is otherwise entitled, later obtains a court order authorizing the fee, and causes no other harm to the client, we may issue a public reprimand.

*Iowa Supreme Ct. Att'y Disciplinary Bd. v. Arzberger*, 887 N.W.2d 353, 368 (Iowa 2016).

On the other hand, we will impose suspensions when other misconduct occurs with respect to the same estate. *See West*, 901 N.W.2d at 528 (imposing a sixty-day suspension on an attorney who took a premature fee, neglected and mishandled the estate, failed to keep his client reasonably informed, and failed to respond to the Board, and whose conduct caused client harm); *Pederson*, 887 N.W.2d at 392–94 (levying a sixty-day suspension when an attorney took a premature probate fee and did not deposit it in a trust account, and when ordered to refund the fee

instead borrowed the money from the executor under an oral agreement without advising the executor to obtain independent counsel).

In *Arzberger*, we imposed a thirty-day suspension when an attorney took an extraordinary probate fee without court approval and "the element of misrepresentation [was] present." 887 N.W.2d at 368–69. In *Kersenbrock*, we suspended an attorney's license for thirty days when the attorney not only took a premature probate fee, but there was a "systematic failure to maintain accounting records" and the attorney made misrepresentations on her annual client security questionnaires. 821 N.W.2d at 420–22.

This case presents an important aggravating factor. On June 30, 2014, just a year-and-a-half before the misconduct at issue in this case, Saunders had received a public reprimand for essentially the same misconduct. *See Iowa Supreme Ct. Att'y Disciplinary Bd. v. Nelissen*, 871 N.W.2d 694, 701 (Iowa 2015) (finding a recent public reprimand for similar misconduct to be "a significant aggravating factor"). According to the Board's letter of reprimand, Saunders took the second half of an ordinary probate fee at least three years before costs were paid and the final report was filed. The Board concluded that Saunders' conduct violated rule 32:1.5(a) and publicly reprimanded him.

An additional aggravating factor in this case is Saunders' substantial experience. *See Iowa Supreme Ct. Att'y Disciplinary Bd. v. Lynch*, 901 N.W.2d 501, 511 (Iowa 2017). A mitigating factor is his cooperation with the Board in the investigation and presentation of this case. *See Iowa Supreme Ct. Att'y Disciplinary Bd. v. Lubinus*, 869 N.W.2d 546, 552 (Iowa 2015).

After taking into account the facts of this case, the views of the commission, and the other considerations that normally enter into our

sanction determination including our own precedent, we impose a thirty-day suspension. We agree with the parties and the commission that a public reprimand might be appropriate for this conduct standing alone, but Saunders' prior reprimand for identical misconduct renders it inapt here.

## V. Conclusion.

We suspend Saunders' license to practice law in this state with no possibility of reinstatement for thirty days from the date of the filing of this opinion. This suspension shall apply to all facets of the practice of law. *See* Iowa Ct. R. 34.23(3). Saunders must comply with all the requirements of Iowa Court Rule 34.24, including notifying his clients of his suspension. Unless the Board files an objection, Saunders will be automatically reinstated after the thirty-day period of suspension on condition that all costs have been paid. *See id.* r. 34.23(2). The costs of this proceeding are assessed against Saunders pursuant to Iowa Court Rule 36.24(1).

**LICENSE SUSPENDED.**